UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL ECKSTROM,

    Plaintiff,

  v.

MARTIN HOSHINO,

    Defendant.

No. 2:16-cv-0538–MCE-EFB-P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a request that the court screen his complaint, and a request that he styles as a motion for a new trial.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

/////

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### III. Screening Order

Pursuant to § 1915A, the court has reviewed plaintiff's complaint (ECF No. 1) and finds that it must be dismissed with leave to amend because it does not comply with Rule 8 or state a claim upon which relief could be granted.[1]

In the complaint, plaintiff purports to (1) list various documents that "form the basis for [his] claims," (2) describe the factual basis for his claim, and (3) describe the exhibits that support his complaint. ECF No. 1 at 5.[2] The complaint names Martin Hoshino, Undersecretary of CDCR, as the defendant. The court is unable to decipher plaintiff's claims against the defendant. In the section of the complaint purporting to describe the factual basis of his claim, plaintiff alleges that Mexican Mafia gang members attempted to murder him in 1974, 1981, and 1987. *Id.* at 7-10. Despite plaintiff's safety concerns, a "Mr. Hewitt" reported that plaintiff had none. *Id.* at 10. Hewitt's report was endorsed by CDCR and "became the Bible for all further dealings . . . ." *Id.* Plaintiff states that he has written letters to defendant Hoshino "in an attempt to clear up the misunderstanding." *Id.* at 11. The nature of plaintiff's claim for relief against defendant Hoshino, however, is not clear.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* As drafted, the complaint fails to provide defendant with "fair notice" of plaintiff's claim against defendant. Rule 8, however, requires the pleader to set forth his averments in a simple, concise, and direct manner. Plaintiff has not done so in his complaint.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal

---

[1] Accordingly, plaintiff's motion for the court to screen his complaint is denied as moot. His motion for a new trial, based on the fact that he has not received any court "orders or decisions" is also denied.

[2] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

1  theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must
2  afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).
3  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set
4  forth the claims and allegations against each defendant.  Any amended complaint must cure the
5  deficiencies identified above and also adhere to the following requirements:
6    Any amended complaint must identify as a defendant only persons who personally
7  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
8  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
9  constitutional right if he does an act, participates in another's act or omits to perform an act he is
10  legally required to do that causes the alleged deprivation).
11    It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).
12    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*
13  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
14    Any amended complaint must be written or typed so that it so that it is complete in itself
15  without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended
16  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
17  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
18  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
19  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
20  1967)).
21    The court cautions plaintiff that failure to comply with the Federal Rules of Civil
22  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
23  *See* E.D. Cal. Local Rule 110.
24    In addition, the court notes that the following legal standards may be applicable to
25  plaintiff's intended claims for relief:
26    To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal
27  constitutional or statutory right; and (2) that the violation was committed by a person acting under
28  /////

4

the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary

charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

**IV.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 4) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.
4. Plaintiff's request that the court screen his complaint (ECF No. 7) and motion for a new trial (ECF No. 8) are denied.

Dated: January 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE