1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARL ECKSTROM,                            No.  2:16-cv-0538-MCE-EFB P

12                    Plaintiff,

13          v.                                  ORDER

14    MARTIN HOSHINO,

15                    Defendant.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended

19    complaint along with a memorandum and a motion for the court to consider the exhibits filed

20    with the original complaint.  ECF Nos. 17, 18, 19.

21    **I.      Screening Requirements and Standards**

22          Federal courts must engage in a preliminary screening of cases in which prisoners seek

23    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

25    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

26    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

27    relief."  *Id.* § 1915A(b).

28    /////

                                                1

1     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

2   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

3   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

4   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

5   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

6   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

7   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

8   U.S. 662, 679 (2009).

9        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

10  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

11  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

12  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

13  678.

14       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

15  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

16  content that allows the court to draw the reasonable inference that the defendant is liable for the

17  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

18  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

19  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

20  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21  **II.     Screening Order[1]**

22       Plaintiff claims that, since 1991, he has sought protective housing to avoid being

23  murdered by members of the Mexican Mafia.  ECF No. 1 at 7, 9.  He alleges that at every

24  classification committee review since 1991, he has requested that the committee members look

25

26       [1] Plaintiff's motion for the court to consider the exhibits filed with his original complaint
    (ECF No. 19) is denied.  Plaintiff may not supplement his complaint in a piecemeal fashion by
27  filing separate documents that are intended to be read together as a single complaint. If plaintiff
    wishes to add, omit, or correct information in the operative complaint, he must file an amended or
28  supplemental complaint that is complete within itself.  *See* E.D. Cal. L.R. 220.

deep into his central file and take note of his documented enemy concerns from the 1970s and 1980s. *Id.* at 10-14. He disputes the results of a 1991 investigation into his security needs, which determined that he had none. *Id.* at 14-15. According to plaintiff, he is currently safe but could be returned to the main line at any time, where his life would be in danger based upon his, now decades-old, enemy concerns. *Id.* at 8-9, 16. Custody staff purportedly tell treatment staff that plaintiff's concerns about the Mexican Mafia are "delusions." *Id.* at 16. Plaintiff asserts a violation of his rights under the Eighth Amendment. *Id.* at 24.

However, the only defendant listed in the complaint is Martin Hoshino, CDCR Undersecretary, who allegedly directed staff to respond to plaintiff's letters/administrative appeals. *Id.* at 9, 18, 20. The complaint does not show how defendant Hoshino personally violated plaintiff's Eighth Amendment rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates). Moreover, plaintiff's dissatisfaction with the responses to his administrative appeals does not establish a constitutional violation, as there is no constitutional right to a state prison grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860-61 (9th Cir. 2003). Thus, plaintiff's allegations are not sufficient to state a claim upon which relief could be granted.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted). A defendant is deliberately indifferent if he knows that the plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Plaintiff has not shown how any particular defendant was deliberately indifferent to a substantial risk of serious harm to him.

The court also notes that plaintiff's claim may be barred by the statute of limitations. The applicable statute of limitations starts to run when a plaintiff knows or has reason to know of the

3

injury that is the basis of his action – typically the date on which the injury actually occurs. *See Ward v. Westinghouse Can.*, 32 F.3d 1405, 1407 (9th Cir. Cal. 1994); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Actions arising under section 1983 look to the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In California the statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1. The California Code of Civil Procedure provides that this limitation period is subject to two year tolling for prisoners who are serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a). And California courts have read out the "less than life" limitation. *See Jones v. Blanas*, 393 F.3d 918, 928 n.5 (9th Cir. 2004). Accordingly, plaintiff had four years from the day his injuries accrued to bring this suit. Plaintiff's injury appears to have accrued back in 1991, when an investigation revealed he had no security concerns, well in excess of four years before this action was commenced in 2016. ECF No. 17. Nonetheless, plaintiff will be permitted leave to amend in the event that he might be able to plead facts demonstrating that his claim is not timebarred.

**III.     Leave to Amend**

Plaintiff will be afforded an opportunity to file an amended complaint to see if he can state a cognizable claim. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the

4

case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No. 17) is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in a recommendation of dismissal. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal. IT IS FURTHER ORDERED that plaintiff's motion for the court to consider exhibits (ECF No. 19) is denied.

Dated: October 5, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5