UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM,<br><br>          Plaintiff,<br><br>   v.<br><br>MARTIN HOSHINO,<br><br>          Defendant. | No. 2:16-cv-0538-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On January 31, 2017, the court dismissed plaintiff's complaint with leave to amend after finding that it did not comply with Rule 8 of the Federal Rules of Civil Procedure and that it failed to state a claim upon which relief could be granted. ECF No. 11 at 3. Plaintiff then filed an amended complaint (ECF No. 17) which the court again dismissed with leave to amend after finding that it failed to state a claim upon which relief could be granted. ECF No. 20 at 2-3. The court also noted that plaintiff's claims might be barred by the statute of limitations. *Id.* at 3-4. Plaintiff has now filed a second amended complaint (ECF No. 23) which the court must screen. The court concludes that this complaint, like its predecessors, fails to state a cognizable claim.

/////

/////

1

Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### Screening Order

Unlike plaintiff's previous complaints in which he sued only defendant Hoshino, the current complaint lists ten defendants, three of whom are "Doe" defendants.[1] ECF No. 23 at 4-6. Plaintiff's allegations against these defendants range in date from 1991 to 2017. *Id.* Plaintiff maintains that the Mexican Mafia prison gang has offered a contract on his life. *Id.* at 14. He claims that this security risk have gone unrecognized because, in 1991, a classification and parole representative named Hewitt[2] investigated his security needs and erroneously determined that no threat to his safety existed. *Id.* at 11-12. Plaintiff argues that Hewitt's flawed conclusion stemmed from his failure to consider all of the pertinent microfiche records. *Id.* at 12. According to plaintiff, the California Department of Corrections and Rehabilitation ("CDCR") has, in the ensuing years, jeopardized his safety by defending Hewitt's findings as "religious truth." *Id.*

With respect to the named defendants, plaintiff alleges that each was vested with decision making power over inmate classification and security needs. *Id.* at 14. He states that he is not alleging that each of the defendants had "individual moral turpitude"; rather he claims that each "act[ed] under the religious beliefs of the CDCR" and refused to admit the error in Hewitt's

---

[1] As for plaintiff's inclusion of "Doe" defendants, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. Further, the Federal Rules of Civil Procedure, not state court Doe pleading practice, govern the method by which plaintiff may amend his complaint to add new parties. Where a plaintiff later learns the identity of a previously unknow party, the proper procedure is to move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add the newly identified defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197 98 (9th Cir. 2003).

[2] Plaintiff states that Hewitt is not being sued in this action because he was "merely incompetent." ECF No. 23 at 6.

findings. *Id.* at 15. Plaintiff then goes on to describe various attempts to address his security concerns by way of grievance appeals (*id.* at 18-19), classification committee hearings (*id.* at 20-21), and letters (*id.* at 20). He fails, however, to sufficiently allege that any of these defendants acted with deliberate indifference in ignoring the risks to his safety. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (concluding that failure to protect claim must be measured under deliberate indifference standard). A showing of deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Here, plaintiff simply alleges that he asked each of the defendants to note the Mexican Mafia contract against his life in his central file and that they refused. ECF No. 23 at 14. He fails, however, to reference any specific threat to his safety which arose during the last four years or future threat to the same. *See Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) ("speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm"). And, consequently, plaintiff does not describe how each of the defendants was actually aware of a specific threat to his safety. The court recognizes that plaintiff does allege that he suffered attempts on his life by the Mexican Mafia in 1974, 1981, and 1991 and that he provides specific allegations relative to these attempts (ECF No. 23 at 23-24), but these incidents fall well outside the four year statute of limitations.[3] Thus, the complaint fails to state any viable claim.

## Leave to Amend

The only remaining question is whether to grant plaintiff further leave to amend his complaint. As noted *supra*, the current complaint represents plaintiff's third attempt at stating a potentially cognizable claim. Plaintiff's failure to state a viable claim in any of his first three

---

[3] In a memorandum attached to his complaint, plaintiff argues that the defendants have, to the present day, persisted in their refusal to recognize threats against his life. ECF No. 23 at 27-28. Plaintiff has failed to detail any incidents or specific threats of which defendants were aware *within* the statute of limitations, however.

complaints counsels against a fourth attempt. *See, e.g., McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

<u>Conclusion</u>

Based on the foregoing, the it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 23) be DISMISSED without leave to amend for failure to state a cognizable claim and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE