UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ECKSTROM <br><br> Plaintiffs, <br><br> v. <br><br> MARTIN HOSHINO, <br><br> Defendants. | No.  2:16-cv-00538-TLN-EFB <br><br><br> **ORDER** |

   This matter is before the Court on Plaintiff Carl Eckstrom's ("Plaintiff") filings titled "Motion for Extension of Time to File Motion for New Trial [pursuant to] FRCP 59(a)(1)(B), (a)(2)" and Motion for a New Trial under "FRCP 59 . . . or FRCP 60(b)." (ECF Nos. 37, 39.) Construing Plaintiff's request as an extension of time to file a motion for reconsideration, Plaintiff's request is hereby GRANTED.  For the reasons set forth below, and construing Plaintiff's "motion for a new trial" as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff's motion is DENIED.

///
///
///
///
///

1

1     **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2     Plaintiff, a state prisoner proceeding *pro se*, initiated this action pursuant to 42 U.S.C. §
3 1983 on March 15, 2016.  (ECF No. 1.)  On January 31, 2017, the magistrate judge screened the
4 Complaint pursuant to 28 U.S.C. § 1915A and found it failed to comply with Federal Rule of
5 Civil Procedure ("Rule") 8 and failed to state a cognizable claim.  (ECF No. 11.)  Accordingly,
6 the Complaint was dismissed with leave to amend.  (*Id.*)

7     On March 21, 2017, Plaintiff filed a First Amended Complaint, which was also screened
8 and dismissed for failure to state a cognizable claim.  (ECF Nos. 17, 20.)  The magistrate judge
9 further noted Plaintiff's claim may be barred by the statute of limitations but again granted leave
10 to amend.  (ECF No. 20 at 2–5.)

11     On November 22, 2017, Plaintiff filed a Second Amended Complaint ("SAC").  (ECF No.
12 23.)  On August 24, 2018, the magistrate judge recommended dismissal of the SAC without leave
13 to amend, for failure to state a cognizable claim.  (ECF No. 26.)  Plaintiff filed Objections to the
14 Findings and Recommendations, which were considered.  (ECF No. 27; *see also* ECF Nos. 28,
15 35.)

16     Before the Court ruled on the pending Findings and Recommendations, Plaintiff also filed
17 a Motion for Leave to File a Third Amended Complaint ("TAC") and submitted his proposed
18 TAC.  (ECF Nos. 31–32.)  On January 23, 2020, the Court adopted the Findings and
19 Recommendations, dismissed Plaintiff's SAC without leave to amend, and denied Plaintiff's
20 Motion for Leave to File a TAC.  (ECF No. 35.)  Judgment was entered on January 23, 2020.
21 (ECF No. 36.)

22     On February 3, and 21, 2020, Plaintiff filed the instant motions for extension of time and
23 reconsideration, respectively.  (ECF Nos. 37, 39.)

24     **II.    STANDARDS OF LAW**

25     The Court may grant reconsideration under Rules 59(e) or 60.  *See Schroeder v.*
26 *McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under
27 Rule 59(e) must be filed no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).
28 Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under

1  Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b)
2  motion for relief from judgment or order. *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016);
3  *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).
4       Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the
5  district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v.*
6  *Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011), citing *McDowell v. Calderon*, 197 F.3d 1253, 1255
7  n.1 (9th Cir. 1999). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be
8  granted, absent highly unusual circumstances, unless the district court is presented with newly
9  discovered evidence, committed *clear error*, or if there is an intervening change in the controlling
10 law." *McDowell*, 197 F.3d at 1255. Further, "[a] motion for reconsideration may *not* be used to
11 raise arguments or present evidence for the first time when they could reasonably have been
12 raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
13 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).
14      "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:
15 (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment
16 rests; (2) if such motion is necessary to present newly discovered or previously unavailable
17 evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is
18 justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

19 **III.    ANALYSIS**
20       A. Motion for Extension of Time
21 Plaintiff requests an extension of time to file a Motion for Reconsideration on the basis
22 that he is in an "Enhanced Outpatient Program (EOP) for psychiatric treatment of his mental
23 illnesses which includes depression." (ECF No. 37 at 1–2.) Plaintiff argues that due to his
24 depression, he does not believe that he will be able to file his Motion for Reconsideration on time.
25 *Id.* Good cause appearing, Plaintiff's Motion for Extension of Time is hereby GRANTED.
26       B. Motion for Reconsideration
27 Because this case never proceeded to trial, the Court construes Plaintiff's "Motion for
28 New Trial" as a motion for reconsideration of the Court's Order dismissing this action (ECF No.

35).  Plaintiff's motion was filed within 28 days of entry of judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e).[1]

Plaintiff fails to advance any argument that establishes he is entitled to relief under Rule 59(e).  Plaintiff argues that his allegations are sufficient to survive screening and that he should be allowed to proceed with his lawsuit.  (ECF No. 39 at 6–9.)  These are the same arguments Plaintiff alleged in his SAC, which the Court previously rejected.  (*See* ECF No. 35 at 2 (explaining why Plaintiff's proposed TAC did not ameliorate the defects in his prior complaint).)  Further, despite having multiple opportunities to amend, Plaintiff consistently failed to state a cognizable claim.  Nothing in Plaintiff's Motion for Reconsideration indicates any manifest errors of law or fact, newly discovered evidence, or highly unusual circumstances that would compel a different result.  In sum, Plaintiff fails to establish he is entitled to the extraordinary remedy provided by Rule 59(e).  *Allstate Ins. Co.*, 634 F.3d at 1111; *McDowell*, 197 F.3d at 1255 n.1.  Accordingly, Plaintiff's motion must be DENIED.

### IV.   CONCLUSION

Plaintiff's Motion for Extension of Time is GRANTED.  (ECF No. 37.)  However, Plaintiff fails to meet the standard for relief under Rule 59(e).  Accordingly, for the reasons discussed herein, Plaintiff's Motion for Reconsideration is hereby DENIED.  (ECF No. 39.)

IT IS SO ORDERED.

DATED: April 27, 2020

Troy L. Nunley
United States District Judge

---

[1] Plaintiff signed his Motion for Reconsideration on February 15, 2020.  Accordingly, even if the Court denied Plaintiff's request for an extension of time, his motion would trigger Rule 59(e) analysis pursuant to the mailbox rule.  *See Atzet v. Paramo*, No. 2:17-cv-01399-MCE-KJN, 2018 U.S. Dist. LEXIS 96265, at *2 n.2 (E.D. Cal. Jun. 7, 2018) (citing *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) ("Under the mailbox rule, the date the prisoner signed the petition is considered the filing date absent evidence to the contrary.")